

# The Attorney General of Texas

December 18, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Charles Murphy, Director
Texas Aeronautics Commission
P. O. Box 12607, Capitol Station
410 East 5th Street
Austin, Texas 78711

Opinion No. MW-104

Re: Authority of the legislature to direct the charging of fees through riders to the General Appropriations Act.

Dear Mr. Murphy:

You have requested our opinion whether the legislature, through a rider to the General Appropriations Act, may validly direct the Texas Aeronautics Commission to charge a reasonable fee for the publication entitled <u>Texas Airport Directory</u>.

The commission's authority to publish the Directory and other such publications is found in the general law in article 46c-6, subdivision 8, V.T.C.S, which reads in pertinent part:

> The Commission may issue such aeronautical publications as may be required in the public interest.

This statute includes no specific grant of authority for the commission to set or charge fees for such publications, and statutes are "strictly construed against fixing a fee by implication, as regards both the fixing of the fee and the officer entitled thereto." <u>Moore v. Sheppard</u>, 192 S.W.2d 559, 561 (Tex. 1946). Therefore, the commission has no authority under article 46c-6, subdivision 8 to set or collect a fee for the Directory.

However, article 4413(33), V.T.C.S., relates to the charge for sale of publications of executive departments and state agencies, and provides in section 1 that:

> Any department or agency in the executive branch of the state government <u>may, unless otherwise specifically directed by statute</u>, set and collect a sales charge for publications and other printed matter when such charges are deemed to be in the public interest.

(Emphasis added).

Thus, article 4413(33) clearly permits the Texas Aeronautics Commission, at its discretion and when it deems it in the public interest to do so, to set and charge a fee for any or all of the publications authorized by article 46c-6, subdivision 8.

But, by rider to the General Appropriations Act of 1979, the legislature attempts to direct the commission to set a fee for the Directory. The specific language is found in article III, at III-8 of the act, and states:

> The Commission is hereby directed to set a reasonable fee for the publication entitled Texas Airport Directory. Funds received from sale of the publication shall be deposited to the General Revenue Fund.

It is settled law in Texas that a rider attached to a general appropriation bill cannot repeal, modify or amend an existing general law. See Attorney General Opinions V-1254, V-1253 (1951), and cases cited. The legislature cannot make mandatory by a general appropriation rider that which the general law makes permissive or discretionary. Id.

In Attorney General Opinion MW-51 (1979), the above Opinion V-1254 was relied upon, and stated:

> ... a general appropriation bill may contain any provisions or riders which detail, limit, or restrict the use of funds or otherwise insure that the money is spent for the required activity for which it is therein appropriated, if the provisions or riders are necessarily connected with and incidental to the appropriation and use of the funds, and provided they do not conflict with general legislation.

As in the case of MW-51, which dealt in this instance with a General Appropriations Act rider directing the State Board of Control to set certain minimum and maximum parking rates, the rider directing the Commission to set a reasonable fee for the Directory "neither appropriates nor details, limits or restricts the use of funds." It is instead a general directive to the Texas Aeronautics Commission to take certain affirmative action, and it may not validly be included in the General Appropriations Act.

Furthermore, the language of the rider directing that funds "received from sale of the publication shall be deposited to the General Revenue Fund" conflicts with the general law stated in section 3 of article 4413(33), which provides that:

> Money collected from the charges authorized by this Act shall be deposited in the fund from which the costs of printing the respective publications or materials were originally paid, and such moneys shall be subject to appropriation by the Legislature.

(Emphasis added).

## S U M M A R Y

The Texas Aeronautics Commission has the authority to set and charge a fee for its publications issued in the public interest. A General Appropriations Act rider directing the Texas Aeronautics Commission to set a reasonable fee for the publication entitled Texas Airport Directory is invalid since it is an attempt to enact general legislation in the appropriations act.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bob Gammage
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood